In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-25-00223-CV

**MARK DUBOSE AND HOLLIE OLIVER, Appellants**

**V.**

**BRANDON ALLEN NELSON, Appellee**

**On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. CIV24-0778**

**MEMORANDUM OPINION**

In this accelerated appeal from the denial of a plea to the jurisdiction, Appellants Mark Dubose (Dubose), in his official capacity as Polk County Commissioner, Precinct 2, and Hollie Oliver (Oliver), in her official capacity with the Polk County Permit Department–Inspections/Permits Supervisor (collectively Appellants), complain that the trial court erred by denying their plea because Appellee Brandon Allen Nelson (Nelson) failed to demonstrate that the trial court

1

had subject matter jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). For the reasons explained below, we reverse the trial court's Order denying Appellants' plea and render judgment in favor of Appellants.

## BACKGROUND

Nelson filed a Writ of Mandamus, Application for Temporary Restraining Order and Plea for Permanent Injunction, in which he sought to compel Appellants to perform the ministerial duty of issuing 911 addresses as "mandated" by section 251.013 of the Texas Transportation Code. *See* Tex. Transp. Code Ann. § 251.013. Nelson alleged that he developed a subdivision in Polk County that was exempt from traditional platting requirements under section 232.0015(f) of the Texas Local Government Code because the lots exceeded ten acres on private roads. *See* Tex. Loc. Gov't Code Ann. § 232.0015(f); *see also id.* § 232.001(a)(3). Nelson alleged that despite statutory exemptions, Appellants refused to assign 911 addresses based on non-statutory conditions and that their actions were ultra vires and impermissible.

Nelson argued that the Polk County Commissioners and the Polk County Commissioners Court (Commissioners Court) are required to follow section 232.0015(f) and have the ministerial duty to assign 911 addresses to all properties within their jurisdiction without any authority to impose extralegal conditions. *See id.* § 232.0015(f). Nelson argued that Appellants' refusal to assign 911 addresses frustrates the Legislature's intent to ensure emergency services can locate property

2

swiftly and imperils public safety. Nelson maintained that governmental immunity does not bar his claims based on Appellants' ultra vires conduct of failing to perform a mandatory duty and that mandamus is appropriate to compel their compliance. Nelson's pleadings include: a survey of his subdivision that includes two roads; a letter from the Polk County Permit Department stating the Permit Department needed Dubose's written authorization to assign an address to an unapproved road in Nelson Ranches Subdivision; and a document titled Polk County Road Naming and Addressing Policy (the Policy). The letter from the Permit Department was signed by Kevin Munson, Secretary, and stated Oliver, the Inspections/Permits Supervisor, was the Designated Representative.

Dubose, in his official capacity as Polk County Commissioner, and Oliver, in her official capacity as the Inspections/Permits Supervisor, filed Respondents' Plea to the Jurisdiction or, In the Alternative, Special Exceptions and General Denial. Appellants argued that Nelson failed to invoke the trial court's jurisdiction in his attempt to challenge the Commissioners Court's authority under Chapter 232 of the Texas Local Government Code relating to subdivision regulations by claiming his proposed subdivision is exempt from platting requirements. Appellants argued that Nelson's survey describes two roads in the subdivision with no restrictions and that the Local Government Code provides that the owner of a tract of land located outside the limits of a municipality must have a plat prepared if the owner divides the tracts

3

into two or more parts to lay out streets intended to be dedicated to public use. *See id.* § 232.001(a)(3). Appellants argued that Nelson's pleadings show he created a subdivision with roads to be dedicated to public use and that section 251.002 of the Texas Transportation Code states that "[a] public road . . . that has been laid out and established according to law and that has not been discontinued is a public road." *See* Tex. Transp. Code Ann. § 251.002. Appellants argued that Nelson's assertion that the road is a "private road" not "dedicated to public use" shows his confusion about the difference between a public road, which is maintained by the county, and a private road, which is not. Appellants argued that Nelson's survey demonstrates that two roads will provide access to twelve tracts of land for the use of the future owners, their invitees, emergency responders, and postal delivery and business services.

Appellants maintained that Nelson must file a plat to be approved by the Commissioners Court to create the public roads on his survey, and then the Commissioners Court can name the roads and assign addresses as provided by section 251.013 of the Transportation Code. *See id.* § 251.013(a), (b). Appellants maintained that without an approved plat, there is no basis for the Commissioners Court to name the roads and assign addresses. Appellants noted that section 251.013 provides that Commissioners Courts "may" adopt uniform standards for naming public roads and assigning addresses to property located wholly or partly in

4

unincorporated areas of the county, and those standards apply to any new public road that is established. *See id.* § 251.013(a). Appellants maintained that under the Code Construction Act, "'[m]ay' creates discretionary authority or grants permission or a power[]" and does not impose a duty, and section 251.013 provides the Commissioners Court with discretionary authority to adopt the Policy. *See* Tex. Gov't Code Ann. § 311.016(1); *see also* Tex. Transp. Code Ann. § 251.013(a). Appellants stated that Nelson is seeking to pre-address the lots in his subdivision, and the Policy only allows pre-addressing if the Addressing Coordinator determines that a subdivision plat provides sufficient detail and reference information to make pre-addressing necessary for the construction of the subdivision and installation of utilities. Appellants argued that issuing pre-addresses is within the Addressing Coordinator's discretion and that no statutory or policy basis compels the Addressing Coordinator to do so.

Appellants asserted sovereign and governmental immunity as a bar to Nelson's claims, arguing Appellants are immune from suit and that Nelson failed to invoke any supervisory jurisdiction over the Commissioners Court. Appellants argued that Nelson failed to demonstrate a waiver of immunity because his pleadings establish that his proposed subdivision contains a public road, that platting is required under section 232.001 of the Local Government Code, and that there is no mandatory duty to assign addresses to the unoccupied lots under the applicable

5

statutes and policies. *See* Tex. Loc. Gov't Code Ann. § 232.001(a)(3). Appellants maintained that a district court's constitutional supervisory control over a commissioners court's judgment can be invoked only if the commissioners court acted beyond its jurisdiction or clearly abused its discretion, and in this case, Nelson failed to establish the jurisdictional requirements for relief.

Nelson filed a Second Amended Application for Writ of Mandamus and Petition Request for Declaratory Action. Nelson alleged Appellants waived their immunity under section 245.006(b) of the Local Government Code by refusing to issue permits and applying post-application subdivision rules that conflict with section 232.0015(f). *See id.* §§ 232.0015(f); 245.006(b). Nelson also argued that the Uniform Declaratory Judgments Act (UDJA) waives immunity in suits testing the validity of a county regulation for action. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b). Nelson argued that the Legislature preempted Polk County from enforcing the Policy, which conflicts with the exemption provided by section 232.0015(f) of the Local Government Code. *See* Tex. Loc. Gov't Code Ann. § 232.0015(f). Nelson maintained that his ultra vires claims against Appellants in their official capacities to compel them to comply with the law and to perform the purely ministerial acts of assigning registered 911 addresses and a street name to the private road, which do not involve the exercise of any discretion, waives Appellants' immunity. Nelson argued that he complied with all the requirements–owning

6

property in Polk County and applying for an address—to receive registered 911 addresses.

Nelson maintained that Appellants purported reason for denying him development permits was that he failed to comply with the Polk County Subdivision Regulations (the Regulations). Nelson argued Appellants acted without authority in applying the Regulations and maintained that Chapter 232 of the Texas Local Government Code governs the regulation of subdivisions that are not located within the limits of a municipality. Nelson stated that his property is over ten acres and no portion of the property, including the private road providing access, has been or is intended to be dedicated for public use. According to Nelson, since his property is not subject to the Regulations and falls within the exemption provided under section 232.0015(f), the issuance of the permits was a purely ministerial duty that Appellants should be forced to comply with. *See id.* Nelson attached the Regulations to his Second Amended Application for Writ of Mandamus and Petition Request for Declaratory Action.

Appellants filed a Plea to the Jurisdiction to Nelson's Second Amended Application for Writ of Mandamus and Petition Request for Declaratory Action. Appellants argued that Nelson was attempting to challenge the Commissioners Court's authority under Chapter 232 of the Local Government Code relating to subdivision regulations. Appellants maintained that the Texas Constitution provides

7

that the Commissioners Court shall exercise such powers and jurisdiction of all county business conferred by the Constitution and laws of the State and that three members of the Commissioners Court constitute a quorum for conducting business. *See* Tex. Const. art. V, § 18(b); Tex. Loc. Gov't Code Ann. § 81.001. Appellants argued that the acts of a single commissioner do not bind the Commissioners Court, which may validly act as a body, only. *See Hays Cnty. v. Hays Cnty. Water Plan. P'ship*, 106 S.W.3d 349, 360-61 (Tex. App.—Austin 2003, no pet.).

Appellants argued that section 232.101 of the Local Government Code provides that the "commissioners court may adopt rules governing plats and subdivisions of land within the unincorporated area of the county . . . ." Tex. Loc. Gov't Code Ann. § 232.101(a). The Texas Transportation Code provides that the commissioners court by order may adopt uniform standards for naming public roads located wholly or partly in unincorporated areas of the county and for assigning address numbers to property located in unincorporated areas of the county. Tex. Transp. Code Ann. § 251.013(a), (b). Appellants explained that the Regulations provide the Commissioners Court with authority to refuse to approve or authorize any map or plat of any subdivision unless the map or plat meets the full requirements set out in the Regulations. Additionally, the Policy was adopted under the authority of section 251.013 of the Transportation Code and provides that the Addressing Coordinator's addressing duties are governed by and performed under the authority

8

of specific interlocal agreements or official documents mutually agreed to by the governing bodies of both the municipality and Polk County.

Appellants argued that Nelson failed to establish that the Commissioners Court delegated any authority to Appellants, that Nelson applied for a 911 address or the registration of a 911 street name, and that Nelson submitted the necessary documentation to comply with any required review of the applicability of the Regulations. For those reasons, Appellants requested that the trial court dismiss Nelson's suit.

Nelson filed Plaintiff's Unconventional Motion to Strike, Motion to Abate Due to Ripeness/Special Exceptions to Defendants' Plea to the Jurisdiction to the Second Amended Application for Writ of Mandamus and Petition for Declaratory Action, or Alternatively, Partial Response to Defendants' Plea to the Jurisdiction and Request for Hearing to Present Witness Testimony as Plaintiff's Evidence. Nelson argued that his amended petition supersedes his original petition and that Appellants' Plea should be struck as moot. Nelson argued that Appellants' Plea was not ripe because they failed to challenge the waiver of immunity under Chapter 245 of the Local Government Code. Nelson filed Special Exceptions as to where and how Appellants challenged Chapter 245's waiver and requested a ruling on his Special Exceptions before any ruling on Appellants' Plea. Nelson maintained that Appellants' Plea was not the appropriate vehicle to resolve the case because

9

Appellants' position turns on what constitutes a "public road" as it is used in section 232.001(a)(3) of the Local Government Code, which is a question of law that should have been raised in a motion for summary judgment or under Rule 91a.

Nelson alternatively argued that the trial court should deny Appellants' Plea because case law is clear that immunity is waived for ultra vires claims and validity of ordinances. Nelson claimed he specifically pointed out ultra vires actions by Appellants in their official capacities–failing to perform their purely ministerial duty to issue 911 addresses and permits in accordance with statutory authority and the Policy–and that Texas law recognized an exception to governmental immunity for ultra vires actions. Nelson explained that he was challenging the Regulations because they are preempted by Chapter 232 of the Local Government Code, which provides exemptions to plat requirements. *See* Tex. Local Gov't Code Ann. §§ 232.0015; 232.101(a), (c). According to Nelson, any requirement in the Regulations that conflicts with section 232.0015 of the Local Government Code is preempted by State law because the State expressly limited the authority to regulate. *See id.* § 232.0015.

Nelson argued that he has essentially sued the Commissioners Court because any suit against an official in their official capacity is, in effect, a suit against the governmental entity. *See Tex. A & M Univ. System v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007). Nelson explained that it was the Commissioners Court that adopted

the Regulations, and section 245.006(b) of the Local Government Code explicitly provides for a statutory waiver of Appellants' governmental immunity because it clearly states that immunity from suit is waived for claims arising out of actions taken by governmental officials contrary to Chapter 245 of the Local Government Code. *See* Tex. Local Gov't Code Ann. § 245.006(b). Nelson maintained that the trial court has subject matter jurisdiction over his claims because he specifically pled that Appellants acted in violation of their purely ministerial duty under Chapter 245 by denying his right to obtain 911 addressing and development permits and established that Appellants acted beyond their lawful authority, which triggers a statutory waiver of immunity.

Appellants filed a Reply, arguing that Nelson's Third Amended Application for Writ of Mandamus and Petition Request for Declaratory Action, filed the day before the trial court ruled on his Second Amended Application, did not moot their Plea because it failed to address or cure Appellants' jurisdictional challenges. Appellants argued that Nelson failed to establish that Appellants have any separate or independent authority for any relief sought or that the Commissioners Court delegated any authority to Appellants. Appellants maintained that Nelson also failed to demonstrate that he applied for a 911 address or the registration of a 911 street name and that Oliver or the Commissioners Court denied any requests. Appellants argued that Nelson sought to usurp the power of Polk County and the Commissioners

11

Court by asking the trial court to make preliminary and preemptive determinations before submitting the necessary documentation to the Commissioners Court to comply with any required review of the applicability of the Regulations. Appellant requested that the trial court dismiss Nelson's suit because Nelson failed to address or cure the jurisdictional challenges.

The trial court signed an Order denying and overruling Respondents' Plea to the Jurisdiction to the Second Amended Application for Writ of Mandamus and Petition Request for Declaratory Action ("Respondents' Plea").

## ANALYSIS

In their sole issue, Appellants argue that the trial court erred by denying their Plea because the court lacked subject matter jurisdiction. Appellants contend that Nelson failed to show that he applied for a 911 address or the registration of a 911 street name and that any such applications were denied by the Polk County Addressing Coordinator or the Commissioners Court. Appellants maintain that the Commissioners Court has not delegated any authority to Appellants, in their official capacities, and Appellants do not have any separate or independent authority for any of Nelson's requested relief.

Nelson maintains the trial court correctly denied Appellants' Plea because his pleadings affirmatively demonstrate jurisdictional facts, including ultra vires acts and ministerial failures by officials. Nelson points to the Polk County Permit

12

Department's letter as evidence of Appellants' denial of a 911 address, and he states the letter shows the denial implies noncompliance with the Regulations despite a statutory exemption. The letter from Munson, Secretary for Oliver, states the Permit Department needs written authorization from Dubose stating, "it is ok for my department to address to an unapproved road in Nelson Ranches Subdivision." Nelson agrees that there was no formal action by the Commissioners Court, but maintains the denial stemmed from Dubose's ultra vires conduct of interfering with Oliver's ministerial duties without order from the Commissioners Court and without seeking to enforce the Local Government Code. Nelson contends this evidence creates fact questions on "policy/custom-driven denials."

In their reply brief, Appellants contend they have not failed to fulfill any duty because Nelson did not submit any applications or documents to initiate any duty. Appellants argue that Nelson did not provide any documentation to comply with any required review of the applicability of the Regulations. Instead, Nelson asked the trial court to determine that Appellants, in their official capacities, have separate or independent authority from the Commissioners Court.

*Standard of Review*

We review de novo a trial court's disposition of a plea to the jurisdiction. *See City of Hous. v. Hous. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 575 (Tex. 2018); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We

focus first on the plaintiff's petition to determine whether the facts that were pleaded affirmatively demonstrate that subject matter jurisdiction exists. *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff. *Id.* If the plaintiff has not affirmatively pleaded facts to support jurisdiction, the matter is one of pleading sufficiency, and the court should provide the plaintiff with the opportunity to amend its pleadings to cure jurisdictional defects. *Id.* at 226-27.

"Sovereign immunity—usually called governmental immunity when referring to political subdivisions—protects governmental entities against suits and legal liabilities." *Hillman v. Nueces Cnty.*, 579 S.W.3d 354, 357 (Tex. 2019) (citation omitted). Governmental "'immunity from suit defeats a trial court's subject matter jurisdiction.'" *Id.* at 364 (quoting *Miranda*, 133 S.W.3d at 225). Governmental units are immune from suits unless the state consents. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 n.15 (Tex. 2018) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012); *Miranda*, 133 S.W.3d at 224). Immunity from suit may be asserted through a plea to the jurisdiction that challenges the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights*, 544 S.W.3d at 770. If a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Miranda*, 133 S.W.3d at 227; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). When a governmental unit challenges the

14

existence of jurisdictional facts with supporting evidence, our standard of review mirrors that of a traditional summary judgment. *See Alamo Heights*, 544 S.W.3d at 771; *Miranda*, 133 S.W.3d at 228; *see also* Tex. R. Civ. P. 166a(c). The burden is on the governmental unit to present evidence to support its plea. *Miranda*, 133 S.W.3d at 228. If the governmental unit meets its initial burden, the burden then shifts to the plaintiff to show that a disputed material fact exists regarding the jurisdictional issue. *Id.* We take as true all evidence that is favorable to the plaintiff and indulge every reasonable inference, resolving any doubts in the plaintiff's favor. *Id.* If the evidence creates a genuine issue of material fact, that issue should be resolved by the fact finder. *Id.* at 227-28. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, however, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. When a trial court does not make findings of fact and conclusions of law, we will affirm the trial court's order denying the plea to the jurisdiction if it can be upheld on any legal theory that finds support in the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

Governmental officials acting in their official capacity enjoy the same immunity as the governmental unit unless the official has engaged in ultra vires conduct. *See Franka v. Velasquez*, 332 S.W.3d 367, 382-83 (Tex. 2011); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009). "'To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion,

15

but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act.'" *Schroeder v. Escalera Ranch Owners' Ass'n*, 646 S.W.3d 329, 332 (Tex. 2022) (quoting *Heinrich*, 284 S.W.3d at 372). In this context, "[m]inisterial acts[]" are those "where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017) (citation omitted). Moreover, to prevail on an ultra vires claim, a plaintiff must establish he is entitled to prospective declaratory or injunctive relief compelling a public official to perform a ministerial act. *City of Hous.*, 549 S.W.3d at 576.

A plaintiff asserting ultra vires claims must "allege facts affirmatively demonstrating actionable ultra vires conduct by state officials in order to avoid dismissal on jurisdictional grounds due to sovereign immunity." *Matzen v. McLane*, 659 S.W.3d 381, 388 (Tex. 2021). Allegations found in pleadings may affirmatively demonstrate or negate the court's jurisdiction. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). A plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend if the pleadings affirmatively negate the existence of jurisdiction or if the jurisdictional defect cannot be cured by amendment. *See Dohlen v. City of San Antonio*, 643 S.W.3d 387, 397 (Tex. 2022); *Kirwan*, 298 S.W.3d at 622; *see also Koseoglu*, 233 S.W.3d at 837, 839-40.

16

*Applicable Statutes and the Regulations and Policy*

To fall within the ultra vires exception, Nelson's suit must allege and ultimately prove that Appellants failed to perform the purely ministerial acts of assigning registered 911 addresses and a street name to the private road as required by section 232.0015(f) of the Local Government Code. *See* Tex. Local Gov't Code Ann. § 232.0015(f); *see also Schroeder*, 646 S.W.3d at 332; *Heinrich*, 284 S.W.3d at 372. "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991) (citations omitted); *see also City of Hous.*, 549 S.W.3d at 577.

Section 232.001 of the Local Government Code provides that the owner of a tract of land outside the limits of a municipality must have a plat of the subdivision prepared if the owner divides the tract into two or more parts to lay out a subdivision of the tract. Tex. Local Gov't Code Ann. § 232.001(a)(1). The owner must file and record the plat with the county clerk, and the commissioners court may require the owner to submit a plat application for approval to include a digital map. *Id.* § 232.001(d), (f). A plat is considered filed on the date the applicant submits the plat, a completed application and fees, and other requirements to the commissioners court or the county authority responsible for approving plats. *Id.* § 232.001(g). The commissioners court must approve a plat required by section 232.001 by an order

17

entered in the minutes of the court. *Id.* § 232.002(a). The commissioners court or the court's designee may designate the authority to approve or disapprove a plat to one or more officers or employees of the county, and an applicant has the right to appeal the disapproval of plat to the commissioners court or the court's designee. *Id.* § 232.0022(a), (b). An applicant may challenge the disapproval of a plat application by filing a legal action. *Id.* § 232.0029.

Section 232.0015 states that a county may define and classify the divisions of land to determine whether specific divisions of land are required to be platted, and the county need not require platting for every division of land. *Id.* § 232.0015(a). One exception to the plat requirement states that a county "may" not require the owner to have a plat of the subdivision prepared if the tract of land is (1) located outside the limits of a municipality, (2) divided into two or more parts with all the lots of the subdivision being more than ten acres, and (3) the owner does not lay out streets to be dedicated to public use. *Id.* § 232.0015(a), (f); *see also id.* § 232.001(a)(3). Additionally, section 232.101(a) provides that the "commissioners court may adopt rules governing plats and subdivisions of land within the unincorporated area of the county . . . ." *Id.* § 232.101(a).

The Commissioners Court adopted the Regulations that apply to Nelson's subdivision, which divides the tract into two or more parts to lay out a subdivision of the tract. The Regulations require Nelson to have a plat of the subdivision

18

prepared unless the proposed division is exempt by law, and the Regulations excluded transactions that include exceptions provided by state law as provided in section 232.0015. *See id.* § 232.0015(a), (f). The Regulations also state that Polk County "may" not require the owner of a tract of land located outside the limits of a municipality who divides the tract into two or more parts and does not lay out a part of the tract as streets intended to be dedicated to public use to complete a subdivision application for Commissioners Court approval if all the lots of the subdivision are more than ten acres. The Regulations provide that Nelson may request a Certificate of Exemption from the Commissioners Court if his planned development qualifies for an exemption, and Nelson has failed to allege that he requested such a certificate to comply with any required review of the applicability of the Regulations. Without such a request, Nelson has failed to allege facts showing he followed the required steps to have the Commissioners Court determine whether he is exempt by law and may not be required to prepare a plat. Thus, Nelson did not give the Commissioners Court the opportunity to consider whether the statutory exception to the plat requirement applied. *See id.* § 232.0015(a), (f).

Importantly, section 232.0015 allows a county to define and classify the divisions of land to determine whether specific divisions of land are required to be platted. *See id.* § 232.0015(a). Section 232.0015's statutory exception to the plat requirement does not state that a county shall not require the owner to prepare a plat

19

but that the county "may not require" the owner to have a plat of the subdivision prepared if the tract of land qualifies. *See id.* § 232.0015(a), (f); *see also id.* § 232.001(a)(3).

We conclude Nelson has failed to allege facts affirmatively demonstrating that he filed and recorded a plat, submitted a plat application to the Commissioners Court for approval, asked the Commissioners Court for an exemption, or that the Commissioners Court disapproved his plat, which would allow him to seek judicial review by filing a legal action. *See id.* §§ 232.001(a)(1), (d), (f), (g); 232.0022(a), (b); 232.0029. Nelson also failed to allege that the Commissioners Court delegated authority to Appellants to approve or disapprove plats or that Appellants disapproved any plat or plat application he submitted to them for approval. *See id.* § 232.0022(a), (b).

Additionally, the Transportation Code allows the Commissioners Court to adopt uniform standards for naming public roads located wholly or partly in unincorporated areas of the county and for assigning address numbers to property located in unincorporated areas of the county. Tex. Transp. Code Ann. § 251.013(a), (b). The Policy states that official road names of public roads in unincorporated portions of the county shall be finally approved by the Commissioners Court. The Policy states that when a private road is constructed, the Subdivision and/or Road Name Add/Change Request Form (the Form) must be filled out and delivered or

emailed to the Addressing Coordinator, who will forward it to the appropriate Commissioner for signature and to the Commissioners Court for approval. Concerning Pre-Addressing, the Policy states:

A. The Addressing Coordinator may, at the request of a developer/landowner/builder, pre-address new finalized subdivisions where a subdivision plat(s) is available with sufficient detail and reference information (as determined by the Addressing Coordinator) and where it is determined by the Addressing Coordinator that for construction of the subdivision, installation of utilities, or for other similar purposes it is necessary to pre-assign addresses.
. . . .

E. If it is determined by the Addressing Coordinator that the plat will not be pre-addressed, the plat will be retained for reference purposes and each structure will be addressed individually as they are constructed, based on the guidelines within this document.
. . . .

Concerning his alleged private roads, Nelson did not allege that he filled out and delivered the Form to the Addressing Coordinator and that the Commissioners Court approved the Form to add a name to his private roads. Nor did he allege that the Commissioners Court delegated any authority to approve the Form. Concerning pre-addressing, Nelson did not allege that he made a request to the Addressing Coordinator to pre-address a new finalized subdivision and provided the Addressing Coordinator a plat that contained sufficient detail and reference information to determine whether pre-addressing was necessary. Without a request and plat, the Addressing Coordinator could not make such a determination, and we have already

21

explained that Nelson failed to allege he provided a plat to Appellants or the Commissioners Court. According to the Policy, Appellants have no ministerial duty to pre-address Nelson's subdivision without an approved Form by the Commissioners Court, and the letter that Nelson attached as evidence stated the Permit Department needed written authorization from Dubose to address an unapproved road in Nelson's subdivision.

We conclude Nelson has failed to allege facts affirmatively demonstrating that Appellants engaged in actionable ultra vires acts by failing to perform the purely ministerial acts of assigning registered 911 addresses and a street name to the private road in Nelson's subdivision. *See Heinrich*, 284 S.W.3d at 372; *see also Matzen*, 659 S.W.3d at 388. Because Nelson's allegations do not plead facts that, if true, would show Appellants failed to comply with a ministerial duty, Nelson's pleadings do not affirmatively establish the trial court's jurisdiction over his ultra vires claims against Appellants. *See City of Hous.*, 549 S.W.3d at 576; *Anderson*, 806 S.W.2d at 793 (citations omitted). Nelson's claims against Appellants are thus barred by governmental immunity. Therefore, we conclude the trial court improperly denied Appellants' Plea. *See Schroeder*, 646 S.W.3d at 332; *City of Hous.*, 549 S.W.3d at 576; *Heinrich*, 284 S.W.3d at 372. Additionally, since Nelson was aware of the jurisdictional challenge and had the opportunity to address it by filing amended pleadings after Appellants filed their Plea, he is not entitled to replead again. *See*

22

*Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 558-59 (Tex. 2016); *Miranda*, 133 S.W.3d at 231.

We sustain Appellants' sole issue, reverse the trial court's Order denying Appellants' Plea to the Jurisdiction, and render judgment dismissing Appellee's claims against Appellants for want of jurisdiction.

REVERSED AND RENDERED.

JAY WRIGHT
Justice

Submitted on August 28, 2025
Opinion Delivered February 12, 2026

Before Johnson, Wright and Chambers, JJ.